IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **DONAVAN LEE HARVEY** | \* | **CIVIL ACTION NO.:** 2:21-cv-166-KS-MTP |
| | \* | |
| **VERSUS** | \* | **SECTION:** |
| | \* | |
| **ILLINOIS CENTRAL RAILROAD** | \* | |
| **COMPANY** | \* | **MAG. DIV.:** |
| | \* | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | |

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

   **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **DONAVAN LEE HARVEY**, by and through his attorneys, and hereby files this Complaint against Defendant, **ILLINOIS CENTRAL RAILROAD COMPANY** and shows unto this Honorable Court the following:

### PARTIES

   1.   Donavan Lee Harvey (hereinafter referred to as "Plaintiff" or "Donnie") is a person of full age of majority and a resident of the County of Lawrence, State of Mississippi.

   2.   Defendant, Illinois Central Railroad Company [hereinafter "ICRC"], is a corporation organized under the laws of the State of Delaware with its principal place of business in the city of Homewood, County of Cook, State of Illinois, and does engage in interstate commerce as a common carrier by railroad.  More particularly, ICRC owns and operates its equipment on ICRC railroad tracks in the State of Mississippi, including in Lawrence County,

Mississippi where Plaintiff sustained his injuries in the course and scope of his employment as a ICRC railroad carman.

## JURISDICTION AND VENUE

3. This Honorable Court has federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claim arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*.

4. Venue is proper in the Southern District of Mississippi, Eastern Division (Hattiesburg) as Lawrence County, located in the Eastern Division, is the county were the cause of action(s) arose and/or accrued, and Defendant, Illinois Central Railroad Company [hereinafter "ICRC"], at all times mentioned herein was doing business in the County of Lawrence as a common carrier engaged in interstate commerce.

## GENERAL ALLEGATIONS

5. This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as the FELA, to recover damages for personal injuries sustained by Plaintiff in the line of duty while employed as a carman by Defendant, ICRC, and while engaged in interstate commerce between the several states.

6. This is a civil action for damages.

7. ICRC is, and was at all times mentioned herein, a common carrier by railroad owning, operating, and maintaining in interstate commerce a railway system, involving railroad tracks and facilities located in Monticello, Mississippi.

8. On or about July 13, 2021, Donnie Harvey was employed by defendant, ICRC, as a carman and his duties then and at the time of the injuries hereinafter recited, was part and parcel of the operation of ICRC's business in interstate commerce.

9. Defendant, ICRC, is liable unto Plaintiff, Donovan Lee Harvey, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

## FACTUAL ALLEGATIONS

10. Donnie's duties as a carman for ICRC included closing sliding doors on boxcars in the Ferguson Yard in Monticello, Mississippi.

11. ICRC, through its agents, officials, managers, and supervisors provided and required Donnie and his co-workers to use a Kubota side-by-side utility vehicle and cable to close sliding boxcar doors in the Ferguson Yard. ICRC standard practice for closing sliding boxcar doors in the Ferguson Yard included one carman hooking the Kubota cable to the boxcar door then signaling to a co-worker to drive the Kubota to close the boxcar door.

12. On or about July 13, 2021, Donnie, in connection with his duties as a carman, was tasked with closing the sliding door of boxcar WFRX 62119. The sliding door weighed hundreds of pounds. Donnie, while performing his duties in his usual and customary safe manner as a carman for ICRC in the Ferguson Yard, hooked the Kubota cable to the boxcar door and then signaled for his co-worker to drive the Kubota to close the boxcar door. When Donnie's co-worker began to pull the boxcar door with the Kubota utility vehicle, instead of sliding closed, the defective boxcar and/or boxcar door fell forward crushing Donnie.

13. As a direct result of the above incident, Donnie suffered severe and disabling injuries to his body including multiple spine fractures, crushed right hand, torn right shoulder rotator cuff requiring surgery, as well as other bruises, contusions, lacerations, and further injuries to his muscular, internal, and skeletal systems.

14. Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, and that as a direct cause of Defendant's negligence under the Federal Employers' Liability Act (FELA), Plaintiff sustained severe injuries, which have required extensive and ongoing medical treatment, numerous diagnostic tests, physical therapy, and shoulder surgery.

### BASIS FOR DEFENDANT'S LIABILITY

15. Plaintiff avers that Defendant ICRC through its agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, et seq., thereby causing and/or contributing to the aforementioned injuries. The negligence of ICRC includes but is not limited to the following acts to-wit:

   A. In that ICRC, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

   B. In that ICRC, due to the boxcar defect, is absolutely liable pursuant to the provisions of the Federal Safety Appliances Act, 49 U.S.C. § 20301, et seq.;

   C. In that ICRC, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known;

   D. In that ICRC, in violation of its non-delegable duty, failed to provide safe working conditions where Plaintiff was performing his duties in the manner required by Defendant ICRC;

   E. In that ICRC, in violation of its non-delegable duty, failed to provide Plaintiff with reasonably safe and proper tools and equipment to carry out his job duties;

    F. In that ICRC violated its own safety and operating rules;

    G. In that ICRC allowed unsafe work practices to become standard work practices, causing or contributing, even in the slightest, to Plaintiff's injuries;

    H. In that ICRC violated federal regulations found in title 49 of the Code of Federal Regulations that were enacted for purpose of promoting railroad employee safety;

    I. In that ICRC failed to exercise due care and caution commensurate with the surrounding circumstances; and

    J. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

16. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Potential Permanent Disability

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages;

    F. Future Lost Wages;

    G. Loss of Earning Capacity;

    H. Loss of Fringe Benefits;

    I. Unpaid Past Medical Expenses;

    J. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary; and

K.  Any other damages Plaintiff is entitled to under the law.

17. Defendant ICRC is liable to its employee, Plaintiff Donovan Lee Harvey, for all damages he sustained, as well as general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for call costs of these proceedings.

18. Plaintiff reserves the right to supplement and amend his Complaint for Damages, as additional facts become known to him.

## JURY DEMAND

19. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Donovan Lee Harvey, prays that Defendant, Illinois Central Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Donovan Lee Harvey, and against Defendant, Illinois Central Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Dated:  December 31, 2021

Respectfully submitted,
**POOLSON | ODEN**

 s/ Daniel J. "Danny" Poolson, Jr.
Daniel J. "Danny" Poolson, Jr.
MS Bar Roll #105045
Carisa German-Oden
LA Bar Roll #34163, *Pro Hac Vice Pending*
One Lakeway
3900 N. Causeway Blvd., Suite 680
Metairie, LA 70002
504.766.2200 │ Office
504.766.2070 │ Facsimile
Email: Danny@PoolsonOden.com
Email: Carisa@PoolsonOden.com
Attorneys for Donovan Lee Harvey, Plaintiff